**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TRACY DEWAYNE ENGLAND,<br>Appellant, | DOCKET NUMBER<br>DC-0752-18-0464-I-2 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>Agency. | DATE: July 12, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dionna Maria Lewis, Esquire, Washington, D.C., for the appellant.

Richard Saviet, Esquire, and Troy Richard Holroyd, Esquire, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which sustained his removal for a positive drug test. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED in paragraph 11 below regarding the appellant's claim of inadvertent ingestion and paragraph 13 below regarding the appellant's claim of retaliation for equal employment opportunity (EEO) activity, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a GS-12 Inventory Management Specialist for the agency. *England v. Department of Defense*, MSPB Docket No. DC-0752-18-0464-I-1, Initial Appeal File (IAF), Tab 10 at 21. Inventory Management Specialist is a "testing designated position," meaning that incumbents are required to undergo periodic unannounced urinalysis to screen for illegal drug use. IAF, Tab 11 at 42.

In August 2017, the appellant tested positive for marijuana in a random drug test. *Id.* at 48. He served a 15-day suspension for that offense in December 2017 and completed an agency-recommended drug treatment program.[2] *Id.* at 44-48. The agency notified the appellant that he would be subject to follow-up drug testing throughout 2018 and that failure to pass any drug test

---

[2] The appellant appealed that suspension to the Board. The administrative judge issued an initial decision sustaining the suspension, and the appellant did not petition for review. *England v. Department of Defense*, MSPB Docket No. DC-0752-18-0242-I-3.

during that period would result in a proposed removal. *Id.* at 48. These events were not long in coming.

¶4        On January 30, 2018, the appellant produced a urine sample that tested positive for cocaine. IAF, Tab 11 at 49-51, Tab 15 at 5-8. When notified of the results, the appellant responded that he had not used cocaine. Rather, he attributed the results to his consumption of Delisse brand cocoa tea, which he claimed had been given to him by a friend to relieve his cold and flu symptoms. IAF, Tab 15 at 9-12. Nevertheless, the agency proposed the appellant's removal based on a charge of "Illegal Drug Use – Second Offense." *Id.* at 17-19. The appellant responded, again claiming that he tested positive because he had consumed Delisse tea. *Id.* at 20-21. The deciding official issued a decision removing the appellant effective April 20, 2018. IAF, Tab 10 at 21, Tab 18 at 28-31.

¶5        The appellant filed the instant Board appeal, raising affirmative defenses of race discrimination, sex discrimination, harmful procedural error, retaliation for EEO activity, and retaliation for filing a prior Board appeal of his suspension. IAF, Tab 1, Tab 37 at 3-4. After a hearing, the administrative judge issued an initial decision sustaining the removal. *England v. Department of Defense*, MSPB Docket No. DC-0752-18-0464-I-2, Appeal File, Tab 8, Initial Decision (ID). He found that the charge was essentially undisputed, and he did not credit the appellant's testimony that the positive test results were due to the consumption of Delisse tea. ID at 7-12. The administrative judge further found that the appellant failed to prove his affirmative defenses. ID at 12-14.

¶6        The appellant has filed a petition for review, disputing the administrative judge's findings on the penalty and his affirmative defenses. Petition for Review (PFR) File, Tab 3. The agency has filed a response. PFR File, Tab 6.

**ANALYSIS**

¶7       In an appeal of a removal under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service. *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); *see* 5 U.S.C. § 1201.56(b)(1)(ii). To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). However, even if the agency carries this burden, the removal may not be sustained if the appellant shows that it was the product of harmful procedural error or was based on a prohibited personnel practice described in 5 U.S.C. § 2302(b). 5 U.S.C § 7701(c)(2)(A)-(B); 5 C.F.R. § 1201.56(b)(2)(i)(C), (c) (1)-(2).

¶8       In this case, the administrative judge found that the agency proved its charge of "Illegal Drug Use – Second Offense." ID at 7. The appellant does not challenge this finding on review, and for the reasons explained in the initial decision, we agree with the administrative judge. Likewise, the appellant does not challenge the administrative judge's finding on nexus, and for the reasons explained in the initial decision, we agree with the administrative judge that the agency met its burden on that issue as well. ID at 8.

¶9       The appellant does, however, challenge the administrative judge's finding on the issue of penalty, particularly with regard to his claim that his consumption of cocaine was unintentional. PFR File, Tab 3 at 13-14, 16; ID at 8-12. An appellant who attributes a positive drug test to accidental ingestion bears the burden of coming forward with sufficient evidence to support his assertion. *Hansen v. Department of Homeland Security*, 911 F.3d 1362, 1368 (Fed. Cir. 2018). The administrative judge declined to credit the appellant's claim for two reasons. First, he noted that the appellant had also claimed accidental ingestion in his suspension appeal, and he found it inherently unlikely that the appellant

"would have inadvertently tested positive for illegal drug use, for two different drugs, on two separate occasions within a 5-month period." ID at 9-19. Second, he found that the appellant's only source of corroboration was the testimony of his wife and that this testimony varied significantly from the chronology of events documented elsewhere in the record. ID at 9, 11-12. Specifically, he found that the appellant's wife testified that it took him 2 weeks to realize that the Delisse tea was the source of the positive test results whereas the written record showed that the appellant proffered this explanation the same day that he received the results. ID at 11-12.

¶10    On petition for review, the appellant acknowledges that the administrative judge "expressed concerns regarding the chronology of events" proffered by his wife, but he argues that the administrative judge failed to consider that his wife was recovering from major surgery on the day of the hearing. PFR File, Tab 3 at 13-14. To the extent that the appellant is arguing that his wife was having difficulty recalling events at the hearing, we are unpersuaded. We have reviewed the testimony at issue and find nothing in it to suggest that the appellant's wife was having difficulty recalling details. Hearing Compact Disc at 50:10 (testimony of the appellant's wife). Rather, the discrepancy is between the detailed accounting in that testimony and the documentary evidence, as the administrative judge accurately described. ID at 11-12. The appellant also argues that administrative judge failed to consider his wife's medical condition, the fact that he was her caregiver, and the recent death of his father. To the extent that the appellant is arguing that these circumstances themselves constitute mitigating factors for cocaine use, this would seem to be at odds with his claim of accidental ingestion. Difficult personal circumstances can constitute mitigating factors, but only if there is a reasoned explanation connecting those circumstances with the charged misconduct. *Wynne v. Department of Veterans Affairs*, 75 M.S.P.R. 127, 136 (1997); *Barry v. Department of the Treasury*, 71 M.S.P.R. 283, 287 (1996). To the extent that the appellant is asserting that these

circumstances put him in the "mindset to live a healthy lifestyle" and consume various herbal products that resulted in positive drug tests, we find that this connection is tenuous at best, and we remain unconvinced of the appellant's explanation.[3]  PFR File, Tab 3 at 14.

¶11      To the extent that the administrative judge found that corroborating evidence is absolutely required to show accidental ingestion, we modify the initial decision.  ID at 10, 12.  The administrative judge observed that the Board has accepted claims of accidental ingestion when corroborating evidence was present, *Torres v. Department of Justice*, 343 F. App'x 610, 613 (Fed. Cir. 2009); *McNeil v. Department of Justice*, 117 M.S.P.R. 533, ¶¶ 9-11 (2012); *Johnson v. Department of the Air Force*, MSPB Docket No. DE-0752-14-0091-I-2, Final Order, ¶¶ 5, 8-11 (Apr. 2, 2015), and rejected such claims when corroborating evidence was absent, *Hansen*, 911 F.3d at 1367-69; ID at 12.  The administrative judge's assessment of the existing case law was accurate, but we do not endorse a generalization of that case law to find that corroboration must be present in every circumstance.  We hold open the possibility that, under the facts of some future case, an appellant's credible testimony alone may suffice to support a claim of accidental ingestion.    Nevertheless, even absent a per se corroboration requirement, "the contradiction of the witness's version of events by other evidence or its consistency with other evidence" remains a valid credibility factor in all cases.  *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).  In other words, it is appropriate for an administrative judge to consider corroborating evidence or lack thereof as part of his overall credibility assessment under a totality of the circumstances approach.  In this case, the credibility of the appellant's accidental ingestion claim was undercut not merely by his failure to

---

[3] The appellant states that the agency's medical review officer confirmed that the results of the drug test were due to accidental ingestion.  PFR File, Tab 3 at 12.  This is inaccurate.  The medical review officer's report recounts the appellant's explanation for the positive test result, but it states that the appellant's explanation does not rule out cocaine use.  IAF, Tab 15 at 8.

present credible corroborating evidence, but also by his attempt to corroborate his account with evidence that was affirmatively inconsistent with the record. Coupled with the inherent improbability of the appellant's version of events and in light of the deference owed to the credibility determinations made by the administrative judge after an in-person hearing, *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002), we find insufficient basis to disturb the administrative judge's findings on this issue. We therefore affirm as modified the administrative judge's conclusion that the appellant failed to make a credible showing of accidental ingestion.

¶12　　On petition for review, the appellant renews his claims of race and sex discrimination. PFR File, Tab 3 at 6-8, 16-17. To establish a claim of race or sex discrimination, an appellant must show that the prohibited consideration was at least a motivating factor in the personnel action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22. In this case, the appellant argues that, when he, an African American male, applied for a promotion, his supervisor (the proposing official in his removal) cancelled the vacancy announcement, waited until a Caucasian female coworker became eligible to apply, and then selected her instead. PFR File, Tab 3 at 6-8, 16-17. The appellant also argues that the agency scrutinized him more closely than it did his female colleagues and that his supervisor improperly denied him training and education opportunities. *Id.* At 15-17. However, we agree with the administrative judge that these matters are unrelated to the removal action, and we find insufficient basis to draw any discriminatory inference from them. ID at 14. The appellant has not identified any evidence that would show that the female employees who were allegedly less scrutinized were similarly situated to him. *See Bruce v. Department of Transportation*, 17 M.S.P.R. 153, 155 (1983), *aff'd*, 802 F.2d 469 (Fed. Cir. 1986) (Table). Furthermore, even assuming that the agency improperly denied the appellant training and favored the appellant's Caucasian female coworker in its promotion decision, there is no reason to

believe that these actions were motivated by race or sex discrimination. *See Lewin v. Department of Justice*, 74 M.S.P.R. 294, 298-99 (1997). Considering the evidence as a whole, including the undisputed evidence supporting the charge, we affirm the administrative judge's finding that the appellant did not prove that either race discrimination or sex discrimination was a motivating factor in his removal.

¶13      The appellant also renews his claim of retaliation for prior EEO activity. PFR File, Tab 3 at 8-10. The administrative judge did not explicitly address this claim in his initial decision, so we address it here. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). A claim of retaliation for Title VII EEO activity is governed by the same standard as claims of race and sex discrimination, i.e., the appellant must show that the prohibited consideration was at least a motivating factor in the personnel action at issue. *Pridgen*, 2022 MSPB 31, ¶ 30. In determining whether prior EEO activity was a motivating factor in an adverse action, the Board will consider the evidence as a whole, including comparator evidence, retaliatory motive, evidence of pretext, comments or admissions by agency officials, and any other evidence that it finds pertinent. *See Id.*, ¶ 24. The appellant argues on review that his supervisor knew that he had engaged in EEO activity with respect to the promotion situation discussed above and with respect to allegations of a hostile work environment.[4] However, even taking this assertion as true, the mere fact that the appellant's supervisor knew about the appellant's prior EEO activity is insufficient to show that the removal was retaliatory, especially considering the strong evidence supporting the agency's action. *Cf. Brasch v. Department of Transportation*, 101 M.S.P.R. 145, ¶ 13 (2006) (finding that the responsible officials' knowledge of the appellant's protected activity was itself insufficient to show that the protected activity was a motivating factor). The appellant has identified no other evidence in the record

---

[4] It is not clear whether the same EEO activity encompassed both of these matters.

that might support his claim, and we find that he has not shown that his prior EEO activity was a motivating factor in his removal.

¶14    Finally, the appellant makes some arguments pertaining to his claim of harmful procedural error. To demonstrate that an agency committed harmful procedural error, an appellant must show both that the agency committed procedural error and that the error was harmful. *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980). Harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

¶15    The appellant argues that he was selected far more often for random drug testing than mere chance would allow and that the agency was using the program to harass and target him. PFR File, Tab 3 at 11-12, 16. The appellant has not identified sufficient evidence to support this argument, and we find that he has not shown that the agency committed any procedural error in this regard. The appellant also argues that the administrative judge applied laws that did not account for various agency rules and the Office of Personnel Management guidance, but he has not explained specifically how these various provisions pertain to the removal action at issue or how applying them would result in a different outcome for this appeal. *Id.* at 15. Finally, the appellant argues that the agency's drug testing policy allows only 2 hours' advance notice and that the administrative judge incorrectly found that the agency gave the appellant 1 day's notice. *Id.* at 10-11. To the extent that this argument is related to the appellant's affirmative defense of harmful procedural error, we find that the appellant has not shown that the agency violated any policy or that any such violation may have affected his substantive rights.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.